UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Christopher Lee Holloway, | Civ. No. 20–2334 (MJD/BRT) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| State of Minnesota, | |
| Respondent. | |

Daniel L. Gerdts, Esq., counsel for Petitioner.

James E. Haase, Olmsted County Attorney's Office, counsel for Respondent.

This matter is before the Court on Christopher Lee Holloway's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. (Doc. No. 1, Pet.) For the reasons discussed below, this Court recommends denying the Petition.

## I.  BACKGROUND

### A.  Conviction and Direct Appeal

The facts of this case are not in dispute.

> Forty-four-year-old Christopher Holloway met 14-year-old J.D. on a social-media application designed to facilitate meetings between homosexual men. The two began exchanging messages, and J.D. told Holloway that he was 18 years old. They agreed to meet. Holloway went to J.D.'s house in the middle of the night in December 2014. He engaged sexually with J.D. The next night Holloway went there again. He sexually penetrated J.D. in his basement bedroom. J.D.'s mother heard noises and walked in. She found Holloway naked in bed with her son and called the police. Holloway fled. Police soon found and arrested him.

*State v. Holloway*, 905 N.W.2d 20, 22 (Minn. Ct. App. 2017) (*Holloway I*).

The State of Minnesota charged Holloway with two counts: (1) third-degree criminal sexual conduct for "engag[ing] in sexual penetration with . . . [a] victim who is at least 13 but less than 16 years of age," Minn. Stat. § 609.344, subd. 1(b); and (2) fourth-degree criminal sexual conduct for "engag[ing] in sexual contact with . . . [a] victim, being at least 13 but less than 16 years of age," Minn. Stat. § 609.345, subd. 1(b). Each statute provides a mistake-of-age defense only to actors who are "no more than 120 months older than the complainant." Minn. Stat. §§ 609.344, subd. 1(b), 609.345, subd. 1(b). For all other actors, "mistake as to the complainant's age shall not be a defense." Minn. Stat. §§ 609.344, subd. 1(b), 609.345, subd. 1(b). Prior to trial, Holloway moved to declare the statutes unconstitutional on substantive due process and equal protection grounds because he was prevented from asserting a mistake-of-age defense. *State v. Holloway*, 916 N.W.2d 338, 343 (Minn. 2018) (*Holloway II*). Holloway's motion was denied and he was convicted. *Id.*

Holloway appealed and, relevant here, asserted that the two statutes violate his equal protection rights by limiting the mistake-of-age defense only to defendants who are no more than 120 months older than their victims. *Holloway I*, 905 N.W.2d at 23. The Minnesota Court of Appeals applied rational-basis review, noting "Minnesota tends to apply a different rational-basis test to equal protection challenges than federal courts apply." *Id.* at 27. It found the statutes at issue satisfied the Minnesota-specific three-pronged test and affirmed Holloway's conviction. *Id.* at 29.

Holloway appealed to the Minnesota Supreme Court. Relevant here, Holloway argued "that his right to equal protection was violated because the statutes permit an actor

2

'no more than 120 months older than the complainant' to raise a mistake-of-age defense, but prevent him from raising that same defense." *Holloway II*, 916 N.W.2d at 344. The Minnesota Supreme Court reiterated that "Minnesota's rational-basis test is a more stringent standard of review than its federal counterpart." *Id.* at 348 (quotations omitted). Minnesota's rational-basis test has three requirements:

> (1) The distinctions which separate those included within the classification from those excluded must not be manifestly arbitrary or fanciful but must be genuine and substantial, thereby providing a natural and reasonable basis to justify legislation adapted to peculiar conditions and needs; (2) the classification must be genuine or relevant to the purpose of the law; that is there must be an evident connection between the distinctive needs peculiar to the class and the prescribed remedy; and (3) the purpose of the statute must be one that the state can legitimately attempt to achieve.

*Id.* (quoting *State v. Russell*, 477 N.W.2d 886, 888 (Minn. 1991)). The court found the two statutes satisfied all three requirements and, thus, does not violation the state or federal constitutions. *Id.* at 350.

### B. State Postconviction Petitions

Holloway sought state postconviction relief. Holloway asserted his denial of his requested mistake-of-age defense violated the equal protection clause. *Holloway v. State*, No. A19-1410, 2020 WL 1517966, at *1 (Minn. Ct. App. Mar. 30, 2020). The postconviction court denied Holloway's petition, finding it procedurally barred because it raised claims already decided on direct appeal. *Id.* at *2. The Minnesota Court of Appeals affirmed. *Id.* at *3. Holloway appealed and the Minnesota Supreme Court denied review. (Doc. Nos. 9-21, 9-22.)

### C. Federal Habeas Petition

Holloway, through counsel, filed his Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody on November 16, 2020. He raises a single ground for relief: the statutes of conviction violate the Equal Protection Clause by permitting one group of defendants the right to assert a reasonable mistake-of-age defense but deny it to another similarly situated group. (Pet. at 5.)

## II. ANALYSIS

### A. Legal Standard

The Antiterrorism and Effective Death Penalty Act of 1996 governs a federal court's review of habeas corpus petitions filed by state prisoners. Section 2254 is used by state prisoners alleging they are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A federal court may not grant habeas corpus relief to a state prisoner on any issue decided on the merits by a state court unless the proceeding "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or it "(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

### B. Timeliness

Respondent asserts Holloway's Petition is untimely. A one-year statute of limitations applies to applications for a writ of habeas corpus pursuant to the judgment of a state court, running from the date on which the judgment became final by the

4

conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244 (d)(1)(A). That one-year period starts to run when "the availability of direct appeal to the state courts, and to [the Supreme Court], has been exhausted." *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009) (citations omitted). A writ for certiorari to review a judgment entered by a state court of last resort is timely when it is filed with the Clerk of the Supreme Court within 90 days after entry of the judgment. Sup. Ct. R. 13.1. The time during which a properly filed application for state post-conviction relief is pending is not counted toward the one-year statute of limitations. 28 U.S.C. § 2244 (d)(2). But the same 90-day period for seeking a writ of certiorari from the United States Supreme Court is not allotted for the postconviction process. *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001); *Snow v. Ault*, 238 F.3d 1033, 1035 (8th Cir. 2001).

The Minnesota Supreme Court affirmed Holloway's conviction on August 1, 2018, and Holloway's time for seeking a writ of certiorari expired on October 30, 2018, ending the direct appeal process. Thus, Holloway's one-year deadline to file for federal habeas relief began to run starting October 31, 2018.

Holloway filed his first state petition for postconviction relief on May 13, 2019. (Doc. No. 9-9.) That petition was denied by the state district court on July 3, 2019. (Doc. No. 9-10.) Holloway filed four more postconviction petitions in early August 2019. (Doc. Nos. 9-11, 9-12, 9-13, 9-14.) Holloway appealed the denial of his initial postconviction petition on September 5, 2019. (Doc. No. 9-15.) While the appeal was pending, Holloway's August 2019 petitions were denied on November 25, 2019. (Doc. No. 9-17.)

Holloway filed another postconviction petition on December 10, 2019. (Doc. No. 9-18.) The Minnesota Court of Appeals affirmed the district court on March 30, 2020. Holloway appealed to the Minnesota Supreme Court, which denied review on June 16, 2020. (Doc. Nos. 9-21, 9-22.) Holloway's December 2019 petition was denied in the interim, on April 9, 2020. (*See* Doc. No. 9-23 at 3.)

Respondent argues that the time between the July 3, 2019 denial and the August 5, 2019 petition filing should count against Holloway's statute of limitations. Respondent asserts the postconviction petition filed on August 1, 2019 was improperly filed because it was not signed, so it cannot toll the statute of limitations as a "*properly filed* application for State post-conviction or other collateral review." 28 U.S.C. § 2244(d)(2) (emphasis added). But even then, Respondent argues, tolling from August 1, 2019 still makes the federal Petition untimely. This argument is unavailing. The May 13, 2019 postconviction petition and the district court's denial thereof clearly served as the basis of Holloway's postconviction appeal. (Doc. No. 9-15 at 2–3 (Holloway's appellate brief discussing his May 13, 2019 postconviction petition and the district court's July 3, 2019 order).) The State of Minnesota's response brief covers the same ground, urging the Minnesota Court of Appeals affirm the denial of Holloway's May 13, 2019 postconviction petition. (Doc. No. 9-16.) There is no reason Holloway's subsequent postconviction filings should undo the previous filing or its legal effect on the AEDPA clock. Thus, the May 13, 2019 postconviction petition, and the subsequent appellate process, tolled the one-year statute of limitations. Accordingly, the time from May 13,

2019, to June 16, 2020, is tolled and does not count towards Holloway's one-year deadline.

Holloway filed his Petition on November 16, 2020. All in all, the time between (1) October 30, 2018 to May 13, 2019, and (2) June 16, 2020 to November 16, 2020, counts against Holloway's one-year deadline. This time is 195 days for the period between direct appeal and state postconviction filing, and 153 days between state postconviction proceedings terminating and the federal petition being filed. Thus, approximately 348 days have elapsed, meaning Holloway's Petition is timely.

### C. Equal Protection

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne, Tex. v. Cleburne Living Center*, 473 U.S. 432, 439 (1985) (quoting *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). "The general rule is that legislation is presumed to be valid and will be sustained if the classification drawn by the statute is rationally related to a legitimate state interest." *Id.* at 440. "The general rule gives way, however, when a statute classifies by race, alienage, or national origin." *Id.* Such classifications are "subjected to strict scrutiny and will be sustained only if they are suitably tailored to serve a compelling state interest." *Id.* "[A]ge is not a suspect classification under the Equal Protection Clause." *Kimel v. Fla. Board of Regents*, 528 U.S. 62, 83 (2000). Thus, "[s]tates may discriminate on the basis of age without offending the Fourteenth

7

Amendment if the age classification in question is rationally related to a legitimate state interest." *Id.*

The two conviction statutes, Minn. Stat. §§ 609.344, subd. 1(b), 609.345, subd. 1(b), are age-based. The Minnesota Supreme Court agreed. *Holloway II*, 916 N.W.2d at 347. Through these statutes, Minnesota's legislature "has divided the universe of defendants into two classes—those who may assert a mistake-of-age defense, and those who may not." *Id.* This division is plainly age-based, and is "based on an arithmetic calculation—the defendant's age relative to the age of the complainant. Both classes are subject to criminal liability for engaging in identical conduct—sexual penetration or sexual contact with a minor—and the elements the State has to prove are the same." *Id.* Essentially, Minnesota's statutory rape laws have a sliding scale of when the mistake-of-age defense phases out. It is never available for persons 28 years of age and older, while it is sometimes available for persons under 28 years old depending on the age of the victim.

Under the federal equal protection analysis, the State of Minnesota need only show that this age-based classification is rationally related to a legitimate state interest. *Kimel*, 528 U.S. at 83. As the Minnesota Supreme Court noted, "Holloway's counsel conceded that there is a 'compelling state interest' in protecting minors." *Holloway II*, 916 N.W.2d at 349. Likewise, as the Minnesota Supreme Court found, that interest "is reflected in [Minnesota's] case law." *Id.* In making that statement, the court cited *State v. Muccio*, 890 N.W.2d 914, 928 (Minn. 2017), a case involving a First Amendment challenge to Minn. Stat. § 609.352, subd. 2a(2), which criminalizes electronic

8

communications with a child describing sexual conduct. Following that citation, the *Muccio* court described the "legitimate sweep" of that statute is "to protect children from sexual abuse and exploitation and from exposure to harmful sexual material." *Id.* The *Muccio* court cited two United States Supreme Court opinions for support: *Ashcroft v. Free Speech Coal.*, 535 U.S. 234, 244 ("The sexual abuse of a child is a most serious crime and an act repugnant to the moral instincts of decent people."); and *Sable Commc'ns of Cal., Inc. v. FCC*, 492 U.S. 115, 126 (1989) ("We have recognized that there is a compelling interest in protecting the physical and psychological well-being of minors. This interest extends to shielding minors from the influence of literature that is not obscene by adult standards."). The Minnesota Supreme Court relied not only on its own precedent in finding a state interest, but also United States Supreme Court precedent confirming such an interest. Thus, Minnesota has a legitimate state interest in protecting minors from sexual abuse.

To tie this legitimate state interest to the statutes in question, the Minnesota Supreme Court cited the legislative history, noting it showed two purposes. First, "the Legislature sought to protect children by eliminating the defense for certain adults, and especially for adults who prey upon younger children." *Holloway II*, 916 N.W.2d at 349. Second, "by preserving the defense for teenagers and the youngest adults, the Legislature sought to protect from prosecution those defendants who might make a bona fide mistake during a romantic relationship." *Id.* Under the federal equal protection analysis, this is sufficient justification to survive rational-basis review. Minnesota has a legitimate state interest in protecting minors from sexual abuse and, to accomplish this interest, it

eliminated the mistake-of-age defense for adults significantly older than those minors. Thus, the age-based classification is rationally related to a legitimate state interest.

An analogous case is *United States v. Ransom*, 942 F.2d 775 (10th Cir. 1991). Ransom was charged with violating 18 U.S.C. § 2241(c), which criminalizes "knowingly engag[ing] in a sexual act with another person who has not attained the age of 12 years, or attempt[ing] to do so" within the special maritime or territorial jurisdiction of the United States. *Id.* at 776. Ransom was charged with engaging in sexual intercourse with a female minor under the age of 12 at Fort Sill Military Reservation in Oklahoma. *Id.* Ransom moved for permission to assert a defense of reasonable mistake of age of the victim, which was denied. *Id.* Ransom appealed, arguing that "the statute denies him equal protection of the laws because it arbitrarily denies him a defense of mistake of age while providing such a defense to those accused of engaging in sexual relations with minors twelve years or older." *Id.* at 777. The Tenth Circuit found "no difficulty in concluding that the distinction to which appellant objects is a permissible legislative choice." *Id.* at 778. The court continued: "[T]he statute legitimately furthers the government's interest in protecting children from sexual abuse. To say that the distinction drawn by the statute is based upon experience is an understatement; it reflects a judgment based upon centuries of insight concerning human nature." *Id.* Like *Ransom*, Holloway's federal equal-protection challenge fails.

Minnesota courts and the Eight Circuit alike recognize that Minnesota "applie[s] a stricter formulation of the rational-basis test under the Minnesota constitution." *Walker v. Hartford Life and Accident Ins. Co.*, 831 F.3d 968, 976 (8th Cir. 2016) (citing *State v.*

10

*Garcia*, 683 N.W.2d 294, 298–99 (Minn. 2004)). As Minnesota courts frame it, "[t]he key distinction between the federal and Minnesota tests is that under the Minnesota test 'we have been unwilling to hypothesize a rational basis to justify a classification, as the more deferential federal standard requires.'" *Garcia*, 683 N.W.2d at 299 (quoting *Russell*, 477 N.W.2d at 889). Rather, Minnesota courts "require[] a reasonable connection between the actual, and not just the theoretical, effect of the challenged classification and the statutory goals." *Id*. (quoting *Russell*, 477 N.W.2d at 889). Minnesota applied its stricter rational-basis test to Holloway's equal protection challenge to Minn. Stat. §§ 609.344, subd. 1(b), 609.345, subd. 1(b), and found the statutes to be constitutionally sound.[1] This Court cannot say that determination was contrary to or an unreasonable application of clearly established Federal law, particularly where the statutes would survive the more lenient federal rational-basis test. 28 U.S.C. § 2254(d)(1). As such, Holloway is not entitled to federal habeas relief.

### III.   Certificate of Appealability

A § 2254 habeas petitioner cannot appeal a denial of his petition unless he is granted a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A "substantial showing of the denial of a constitutional right" requires a demonstration "that reasonable

---

[1]   The Minnesota Court of Appeals has followed *Holloway II* to likewise reject another equal protection challenge to the same statutes. *See State v. Elmi*, 2018 WL 4055663, *2 (Minn. Ct. App. Aug. 27, 2018).

11

jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation omitted).

This Court finds that Holloway's Petition does not make a substantial showing of the denial of a constitutional right. Holloway's equal-protection claim was rejected by a unanimous Minnesota Supreme Court. Prior to 1964, "it was the universally accepted rule in the United States that a defendant's mistaken belief as to the age of a victim was not a defense to a charge of statutory rape." 46 A.L.R. 499 (5th ed.). But even after the California Supreme Court held in *People v. Hernandez*, 61 Cal. 2d 529 (1964), that a good-faith and reasonable belief that a victim was over the age of consent and had voluntarily engaged in sexual intercourse was a defense to the offense of statutory rape, "the majority of jurisdictions whose higher courts have considered the issue have declined to follow *Hernandez* and allow a reasonable-mistake defense." 46 A.L.R. 499. Minnesota providing a limited mistake-of-age defense does not mean it is constitutionally infirm, particularly where the decision to limit the defense's applicability is rationally related to the unchallengeable government interest in protecting minors. Simply put, "[t]here is no clearly established Supreme Court precedent holding that a criminal defendant has a constitutional right to present a mistake of age defense to a charge of lewd conduct with a minor." *Atrian v. McEwen*, 2012 WL 3150576, at *3 (C.D. Cal. May 7, 2012). Thus, challenges like Holloway's have not found traction. *Ransom*, 942 F.2d 775; *United States v. Juvenile Male*, 211 F.3d 1169, 1171 (9th Cir. 2000) ("The court had

no difficulty concluding that the distinction to which Ransom—and Doe—object is a permissible legislative choice, as it legitimately furthers the government's interest in protecting children from sexual abuse."); *People v. Maloy*, 465 P.3d 146, 157–58 (Col. Ct. App. 2020) (rejecting equal-protection challenge to not allowing a mistake-of-age defense in child prostitution laws). As such, this Court recommends that Holloway not be granted a COA in this matter.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner Christopher Lee Holloway's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. (**Doc. No. 1**) be **DENIED** and this matter be **DISMISSED WITH PREUJUDICE**; and

2. No certificate of appealability be issued.

Date: May 17, 2021                         *s/ Becky R. Thorson*
                                           BECKY R. THORSON
                                           United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), a party may file and serve specific written objections to this Report within **fourteen days**. A party may respond to those objections within **fourteen days** after service thereof. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).