# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Christopher Lee Holloway,

    Petitioner,

Case No. 20-cv-2334 MJD/BRT

v.

**MEMORANDUM OPINION AND ORDER**

State of Minnesota,

    Defendant.

This matter is before the Court on the Report and Recommendation by United States Magistrate Judge Becky R. Thorson dated May 17, 2021. [Doc. No. 11] Petitioner has filed an objection to the recommendation that this Court deny his petition, and the recommendation that the Court not issue a certificate of appealability.

Pursuant to statute, the Court has conducted a de novo review of the record. 28 U.S.C. § 636(b)(1); Local Rule 72.2(b). Based upon that review, and in consideration of the applicable law, the Court will adopt the Report and Recommendation in its entirety.

**I.     Equal Protection Challenge**

A.  **Procedural History**

Petitioner was convicted of one count of third degree criminal sexual conduct for engaging in sexual penetration with a victim who is at least 13 but less than 16 years of age in violation of Minn. Stat. § 609.344, subdiv. 1(b) and one count of fourth degree criminal sexual conduct for engaging in sexual contact with a victim being at least 13 but less than 16 years of age in violation of Minn. Stat. § 609.345, subdiv. 1(b). These statutes provide for a mistake-of-age defense only to those who are no more than 120 months older than the victim. Minn. Stat. §§ 309.344, subdiv. 1(b) and 609.345, subdiv. 1(b)[1]. At the time of the offense conduct, Petitioner was 44 years old and the victim was 14 years old. Because he was more than 120 months older than the victim, he could not assert the mistake-of-age defense.

Petitioner appealed his convictions and asserted the statutes of conviction violated his equal protection rights by limiting the mistake-of-age defense to those offenders less than ten years older than the victim. The Minnesota Court of

---

[1] Prior to 1975, Minnesota did not permit a mistake-of-age defense regarding sexual conduct with a person not of the age of consent. In 1975, however, the statutes were amended to permit a narrow mistake-of-age defense when the victim was at least 13 but less than 16 years old and the defendant was not in a position of authority. Holloway II, 916 N.W.2d at 345. In 2007, the statutes were again amended to further limit the defense to defendants who are no more than ten years older than the victim. Id.

Appeals affirmed his convictions, and after applying a rational basis review, rejected his argument that the statutes of convictions violated his equal protection rights. State v. Holloway, 905 N.W.2d 20, 22 (Minn. Ct. App. 2017) ("Holloway I").

Petitioner then appealed to the Minnesota Supreme Court, where he again asserted his claim that the statutes of conviction violated his equal protection rights. State v. Holloway, 916 N.W.2d 338, 347 (Minn. 2018) (Holloway II"). The court determined that Petitioner's equal protection claim was subject to a rational basis standard, and further determined that "Minnesota's rational basis test is 'a more stringent standard of review' than its federal counterpart." Id. at 348 (citing In re Durand, 859 N.W.2d 780, 784 (Minn. 2015)).

The court then addressed the three requirements of Minnesota's rational basis test:

> (1) The distinctions which separate those included within the classification from those excluded must not be manifestly arbitrary or fanciful but must be genuine and substantial, thereby providing a natural and reasonable basis to justify legislation adapted to peculiar conditions and needs; (2) the classification must be genuine or relevant to the purpose of the law; that is there must be an evident connection between the distinctive needs peculiar to the class and the prescribed remedy; and (3) the purpose of the statute must be one that the state can legitimately attempt to achieve.

Id. at 349-350.

The court first determined that the State had a legitimate State interest in protecting minors, and that the legislative history of the amendment limiting the mistake-of-age defense shows there were two purposes for limiting the defense.

> First, the Legislature sought to protect children by eliminating the defense for certain adults, and especially for adults who prey upon younger children. Second, by preserving the defense for teenagers and the youngest adults, the Legislature sought to protect from prosecution those defendants who might make a bona fide mistake during a romantic relationship. These are undoubtedly purposes that the Legislature can legitimately seek to achieve.

Id. at 349.

The court next determined whether the 120-month limitation on the mistake-of-age defense is manifestly arbitrary, noting that "[i]f the classification has some reasonable basis, it does not offend the constitution simply because it is not made with mathematical nicety or because in practice it results in some inequality." Id. (citation omitted). The court found there was a reasonable basis for the classification. First, it noted that the mistake-of-age defense is not available to anyone who engages in sexual contact or penetration with a child under 13. Id. Next, the court noted that when the child is between 13 and 16 years old,

> there is a limited mistake-of-age defense if the actor is close in age to the child, not in a position of authority, and not in a "significant relationship" with the child. See Minn. Stat. §§ 609.344–.345 (also stating that the

maximum sentence the actor may face in these circumstances is 15 years imprisonment). Engaging in sexual conduct with a 16- or 17-year-old child may not be considered a criminal act, but if the child is 16 or 17 and the actor is in a position of authority or has a significant relationship with the child, the actor is guilty of criminal-sexual conduct, cannot assert a mistake-of-age defense, and faces a maximum sentence of 15 years imprisonment. See Minn. Stat. § 609.344, subd. 1(e).

This statutory framework shows that the Legislature determined that the younger the child, the greater the legal protection needed. As the legislative history to the 2007 amendment reflects, the Legislature recognized that an actor who is an older teenager or young adult might, in good faith, mistake a 15-year-old for a 16- or 17-year-old while pursuing a romantic relationship. Allowing only a limited mistake-of-age defense balances these legitimate interests, and furthers the overarching purpose of the criminal-sexual-conduct statutes in a manner that is not manifestly arbitrary.

Id.

Finally, the court found that for the reasons discussed above, the classification was genuine and relevant to the purposes of the law. Id. at 350. "The 'actual, and not just theoretical,' effect of the 120-month limitation is to deny a mistake-of-age defense to certain adults, thereby affording more protection to younger children, a valid statutory goal." Id.

"Because Minnesota Statutes §§ 609.344, subd. 1(b), 609.345, subd. 1(b), satisfy all three requirements of Minnesota's active-rational-basis test, we conclude that these statutes do not violate the state constitution's guarantee of equal protection. Because Minnesota's rational-basis test is 'a more stringent

5

standard of review,' than the federal rational-basis test, the federal test is also satisfied." Id. (citation omitted).

B. **Post-Conviction Petitions**

Petitioner sought and was denied state postconviction relief because the equal protection claims were decided on direct appeal. Holloway v. State, No. A19-1410, 2020 WL 1517966 at *2 (Minn. Ct. App. Mar. 30, 2020) rev. denied (Minn. June 16, 2020) ("Holloway's postconviction petition is based on grounds that he raised in his direct appeal and that he knew about at the time of his direct appeal. His petition is therefore procedurally barred.").

Petitioner now brings this petition pursuant to 28 U.S.C. § 2254. Pursuant to § 2254(d),

> [a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
> **(1)** resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> **(2)** resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Petitioner argues that the statutes of conviction violate the Equal Protection Clause by permitting one group of offenders the right to assert a

mistake-of-age defense but denying the defense to others similarly situated, and that the Minnesota Supreme Court's rejection of his equal protection claim involved an unreasonable application of clearly established federal law. Specifically, Petitioner argues that there is no rational relation between the classification at issue in this case – the limitation of the mistake-of-age defense based on the age of the offender and the victim – and any legitimate State goal.

Petitioner argues that the Minnesota Supreme Court did not even identify or apply any governing principles under federal law because it concluded the Minnesota standard was more stringent, therefore rendering a separate analysis under federal law superfluous. Holloway II, 916 N.W.2d at 350.

This Court notes that the Minnesota Supreme Court did in fact identify the governing principles of a federal equal protection claim. See Holloway II, 916 N.W.2d at 348, n.7 ("Under the federal constitution, the rational basis test is satisfied if 'the classification drawn by the statute is rationally related to a legitimate state interest.' The key difference between the federal and state tests is that, under the state constitution, we are 'unwilling to hypothesize a rational basis to justify a classification' and instead require a reasonable connection between the actual . . . effect of the challenged classification and the statutory goals."). In addition, the Eighth Circuit has similarly recognized that the

Minnesota rational basis standard is stricter than the Minnesota standard. See Walker v. Harford Life and Accident Ins. Co., 831 F.3d 968, 976 (8th Cir. 2016) (noting that Minnesota's three requirements under its rational basis test is a "stricter formulation" than the federal test).

Petitioner next argues that under the federal rational basis test, there is no rational relation between the classification drawn in this case and any legitimate State goal.

> Under federal rational-basis review, we will uphold the legislative classification so long as it bears a rational relation to some legitimate end. [An equal protection] claim fails if there is any reasonably conceivable state of facts that could provide a rational basis for the classification. We afford the challenged classification [] a strong presumption of validity, which Walker, as the one attacking the rationality of the legislative classification, can only overcome by negating every conceivable basis which might support it.

Walker, at 976 (internal citations omitted). The goals identified by the Minnesota Supreme Court were to protect children by eliminating the mistake-of-age defense for certain adults, and to preserve the defense for teenagers and the youngest adults who may make a bona fide mistake during a romantic relationship. Holloway II, at 349.

It is Petitioner's position that the challenged classifications do not rationally relate to the goal of protecting children. However, there were two

goals identified by the Minnesota Supreme Court behind the classification– the protection of children and the preservation of the mistake-of-age defense for teenagers and the youngest adults who may make a bona fide mistake during a romantic relationship.  Prior to the 2007 amendment that created the classification based on age, the mistake-of-age defense was available to any defendant that was not in a position of authority.  The classification was created to protect more children aged 13 to 16 from sexual abuse, while maintaining the defense for teenagers and young adults that made a bona fide mistake during a romantic relationship.  Holloway II, at 347 (rejecting defendant's substantive due process claim, finding that "precluding a mistake-of-age defense for certain adults is neither arbitrary nor capricious, and is a reasonable means to achieve a permissible objective").  The Minnesota Supreme Court, under the stricter Minnesota standard, found these were legitimate State goals, and that the classification at issue was "genuine or relevant" to the purpose of the law.  Holloway II, at 349-350.  In other words, the classification is rationally related to the statute's purposes.

Petitioner argues that limiting the mistake-of-age defense to those less than ten years older than the victim has nothing to do with a legitimate State interest, but instead is based on social disapproval of notable age disparities in sexual

relationships, and compares the classification to society's disapproval of sodomy, homosexuality or miscegenation – which clearly serve no legitimate interests.

The Court disagrees. The classification at issue is a defense to a criminal charge – it does not seek to generally decriminalize sexual relationships involving children 13 to 16 years old and those less than ten years older, while criminalizing sexual relations between children 13 and 16 years old and those older than ten years. As such, the classification at issue does not reflect society's disapproval of age disparities in sexual relationships, rather it recognizes the State's interest in protecting children between 13 and 16 from sexual abuse while at the same time recognizing that offenders that are teenagers or the youngest adults may have made a bone fide mistake while in a romantic relationship with the victim. Under the federal law, "[the rational-basis standard] is true to the principle that the Fourteenth Amendment gives the federal courts no power to impose upon the States their views of what constitutes wise economic or social policy." Dallas v. Stanglin, 490 U.S. 19, 26-27 (1989) (internal citations omitted).

The Minnesota Supreme Court found that the classification did serve legitimate State interests in protecting children from sexual abuse, while maintaining the defense for those closer in age to the victim. Under the federal standard applied to claims under the Equal Protection Clause, this Court finds

that the determination of the Minnesota Supreme Court is not contrary to or an unreasonable application of clearly established federal law.

## C. Certificate of Appealability

With regard to the procedural rulings in this Order, the Court concludes that no "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right;" nor would "jurists of reason . . . find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). With regard to the decision on the merits, the Court concludes that no "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. Accordingly, the Court will not issue a certificate of appealability.

**IT IS HEREBY ORDERED** that:

1. Petitioner Christopher Lee Holloway's Petition under 28 U.S.C. § 2254 [Doc. No. 1] is DENIED and

2. No Certificate of Appealability will issue.

LET JUDGMENT BE ENTERED ACCORDINGLY

DATED: June 30, 2021            s/Michael J. Davis
                                MICHAEL J. DAVIS
                                United States District Court